## Catanach *v.* Cassidy et al., Appellants.

*Mechanic's lien—Material—Affidavit of defence.*

An affidavit of defence to a mechanic's lien is insufficient which avers that defendant was his own contractor and that he entered into a contract with Connor, the alleged contractor, to do the plastering; "that the said Connor was not at any time the contractor for the erection of said houses; his position being merely that of a subcontractor for the plastering work only, and the materials for which this lien was filed being sold by plaintiff to said Connor on the individual credit of said Connor and not on the credit of the houses, and were not furnished towards the erection and construction of said houses in such manner as to entitle the plaintiff to a lien therefor; that the defendant did not enter into any contract or agreement with the said plaintiff for the purchase or furnishing of said materials or in anywise pledge the credit of said houses therefor; nor did he authorize the said Connor or any other person to contract with said plaintiff for said materials on his behalf or on the credit of said houses."

Argued Jan 5, 1894.    Appeal, No. 31, July T., 1893, by defendants, J. J. Cassidy et al., from judgment of C. P. No. 3, Phila. Co., March T., 1892, No. 54, M. L. D., making abso-

lute rule for judgment for want of sufficient affidavit of defence, in favor of plaintiff, Adam A. Catanach. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Rule for judgment for want of sufficient affidavit of defence in scire facias sur mechanics' lien.

Defendant, J. J. Cassidy, filed an affidavit of defence, averring:

" That being about to erect a number of houses in the First ward of the city of Philadelphia, including the twenty-six houses on McKean street and two houses on Second street described in the lien filed in this case, and acting as his own contractor for the erection of said houses, he entered into an agreement in writing on July 29, 1891, with the other defendant, John J. Connor, in said lien called the contractor, by which the said Connor contracted to do the plastering work on said houses, including the furnishing of the necessary materials therefor, for which the said Connor was to be paid a stipulated price per house, payable partly in cash and partly in the conveyance of a ground rent and of a certain house. A copy of said agreement being hereto annexed.

" That the said Connor entered upon the performance of said contract, purchasing his materials, such as lime, etc., as deponent is informed and believes, from the said plaintiff, and when said Connor had partly finished the work on fourteen of said houses he became embarrassed and failed to complete his contract, or to do any more work upon the houses mentioned in said agreement; said work being completed by another plasterer, who was employed for the purpose and paid therefor; the said Connor being indebted to deponent at the time for cash money overpaid him and for the value of the house mentioned in said agreement which had been conveyed to him in advance of doing the work.

" That the said Connor was not at any time the contractor for the erection or construction of said houses; his position being merely that of a subcontractor for the plastering work only, and the materials for which this lien was filed being sold by plaintiff to said Connor on the individual credit of said Connor and not on the credit of said houses, and were not furnished to-

wards the erection and construction of said houses in such manner as to entitle the plaintiff to a lien therefor.

" That deponent did not enter into any contract or agreement with the said plaintiff for the purchase or furnishing of said materials or in anywise pledge the credit of said houses therefor; nor did he authorize the said Connor or any other person to contract with the said plaintiff for said materials on his behalf or on the credit of said houses."

Rule for judgment absolute.   Defendant appealed.

*Error assigned* was order as above.

*David H. Stone*, for appellants, cited: Brown v. Cowan, 110 Pa. 588 ; Barclay v. Wainwright, 86 Pa. 191.

*Peter Boyd*, for appellee, cited: Singerley v. Doerr, 62 Pa. 9 ; Schenck v. Uber, 81 Pa. 31 ; Brown v. Cowan & Steele, 110 Pa. 588 ; Duff v. Hoffman, 63 Pa. 191 ; Act of June 16, 1836, § 1, P. L. 696 ; Barclay v. Wainwright, 86 Pa. 191 ; Erie City v. Brady, 127 Pa. 169.

PER CURIAM, January 15, 1894 :

The learned court appears to have rightly construed the affidavit of defence as argumentative and inferential rather than a distinct and positive averment of material facts.  If Connor was not in fact contractor, or if the materials for which the lien was filed were sold to him on his own individual credit and not on the credit of the buildings, the averments should have been so distinct and positive as to leave no room for doubt as to whether they were allegations of fact or conclusions of law.   There was therefore no error in treating the affidavit as insufficient and entering judgment for plaintiff.

Judgment affirmed.